UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JERRY T. O'NEAL,

       Plaintiff,     **MEMORANDUM AND ORDER**

 -against-            05-CV-3547 (DLI)

WACHOVIA PERSONAL TRUST,

       Defendant.
----------------------------------------------------------------x
IRIZARRY, J.:

  Plaintiff, Jerry T. O'Neal, a patient at a Florida psychiatric facility,[1] brings this pro se action against Wachovia Personal Trust, which is alleged to be a company based in Jacksonville, Florida. Plaintiff's request to proceed in forma pauperis is granted, but this action is hereby dismissed.

  This is at least the third action which plaintiff has brought in this Court against a financial services company within the last year. The first action, brought against Chase Manhattan Bank in September 2004, was promptly dismissed upon the defendant's motion, which argued that the complaint was indecipherable and therefore violated Fed. R. Civ. P. 8(a)(2) and 8(e)(1). O'Neal v. Chase Manhattan Bank USA & Ltd., No. 04-CV-3803 (CBA), slip op. (E.D.N.Y. Nov. 1, 2004). The second action, brought against Wells Fargo Bank in February 2005, was sua sponte dismissed by this Court pursuant to Fed. R. Civ. P. 8(a). In its Memorandum and Order dismissing the action, this Court noted that the complaint in that case was "so incomprehensible as to defy summary," and that plaintiff's factual allegations were so irrational and incredible as to make it futile to grant plaintiff leave to amend his complaint. O'Neal v. Wells Fargo Bank, No. 05-CV-1201 (DLI), slip op. (E.D.N.Y. Mar. 21, 2005).

---

[1] This Court takes judicial notice of the fact that plaintiff's mailing address – P.O. Box 1000, Chattahoochee, FL 32324 – is the address of Florida State Hospital. See www.doh.state.fl.us/mqa/medical/lst_approvedfacilities.pdf. The hospital's website indicates that it is a mental institution. See www.dcf.state.fl.us/institutions/fsh/services.shtml.

Unfortunately, the complaint in this action is, if anything, even more incomprehensible than plaintiff's prior two complaints. Accordingly, for the reasons set forth in this Court's March 21, 2005, Memorandum and Order in Wells Fargo Bank, this action is dismissed for failure to comply with the dictates of Fed. R. Civ. P. 8. This Court is well aware that pro se complaints must be read liberally, see McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), and that leave to amend such complaints must be granted if "a liberal reading of the complaint gives any indication that a valid claim might be stated." See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, as in plaintiff's prior actions, plaintiff's claims are so irrational and incredible as to make it futile to grant plaintiff leave to amend his complaint. See O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002) ("a district court may deny leave to amend the complaint if the amendment would be futile").

Conclusion

For the reasons set forth above, this action is dismissed pursuant to Fed. R. Civ. P. 8(a). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal.

SO ORDERED.

Dated: Brooklyn, New York
August 29, 2005

_____
DORA L. IRIZARRY
United States District Judge